Dugro, J.
I think it was error which, under the law of the case bearing upon the rule fixing the amount of a recovery (as laid down in the charge), may have prejudiced the defendant, to admit in evidence a copy of the appraisement made by Mr. Lawrence. This paper was offered and read in evidence against the objection of the defendant; it was not competent evidence as to the value of the property referred to in it, and may have mislead the jury in that regard.
That the plaintiff’s counsel offered and made use of it as such evidence, and endeavored by it to influence the jury in determining the value of the One Hundredand Thirty-third street property, is evident from his cross-examination of the witness Brown. “ Q. Do you know Mr. J. A. Lawrence, the broker who was an appraiser for the Mutual Life * * * ? A. Only by reputation. * * * Q. * ' * * by hearsay was not his reputation that of an excellent appraiser ? ”
These questions could have no purpose other than to induce the jury to consider Lawrence’s appraisal as evidence of value, and such consideration was improper. That the amount of the verdict is not excessive is by no means certain ; under what we believe to be the true rule of law applicable to the amount of the recovery, it seems that it is. It is, however, unnecessary to pass upon this question.
The learned trial judge in charging said, regarding the rule as to the amount of arecovery, “If you find for the plaintiff you must deduct from such sum as you believe to be the value of the equity in the Fifty ninth street house, of the horses, * * * the value of the goods which the plaintiff sold and received money for unless you find that the defendant has already been compensated in that regard by the property received from either Bateman or Brown, or both of them, in which case the law would not require you to make that deduction from the value of the property which you believe the plaintiff parted with.”
This portion of the charge was not objected to, and so was the law of the case at the trial. It may be well to refer to it now, that upon a new trial it may not prove misleading.
It appears that plaintiff and his associates jointly received defendant’s property. In the absence of its return to the defendant, the recovery of the,plaintiff, as the case stands, ought to be limited to the value of the property he delivered to the defendant, less the *384 value of the goods delivered to the plaintiff and his associates by the defendant. This rule seems the proper one applicable to the case. If it were otherwise the plaintiff could not gain an unfair advantage over his associates or the defendant. If he chooses to bring an action not making his associates parties, and making no arangement equivalent to a return of the goods not taken by defendant, he must bear the burden of the conditions.
Upon the whole case I think that justice requires that the judgment should be reversed and a new trial ordered, with costs to abide the event
■Judgment reversed and new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., concurs.